**FILED**

July 20, 2026

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____

DEPUTY

| | | |
|---|---|---|
| JESUS FAJARDO-GARFIAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. SA-26-CV-4300-OLG |
| | § | |
| ROSE THOMPSON *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court is Petitioner Jesus Fajardo-Garfias's Petition for Writ of Habeas Corpus (Dkt. No. 1), to which Respondents filed a response (Dkt. No. 5). Petitioner is a native of Mexico who was temporarily admitted to the United States on a visitor visa. *See* Dkt. No. 5-1 at 1. However, he remained beyond the authorized period. *Id.* When encountered by immigration authorities in 2026, he was arrested and placed in removal proceedings. *See* Dkt. Nos. 5-1 at 1; 5-2 at 2. Petitioner received a bond hearing on May 12, 2026, during which the immigration judge ("IJ") determined that he posed a flight risk. *See* Dkt. No. 5-3. Petitioner initiated this habeas action thereafter challenging the IJ's bond determination. *See* Dkt. No. 1.

As Respondents correctly point out, *see* Dkt. No. 5 at 3–4, the Court is precluded from reviewing the IJ's bond determination. Under 8 U.S.C. § 1226(e), the "Attorney General's discretionary judgment . . . shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." Therefore, § 1226(e) strips the Court of jurisdiction to review the IJ's factual findings. *E.g.*, *Shcherbinin v. Rice*, No. 25-CV-1496, 2025 WL 3687739, at *2 (W.D. La. Dec. 9, 2025) (collecting cases), *R. & R. adopted*, 2025 WL 3698403 (W.D. La. Dec. 19, 2025); *Hernandez-Azuaje v. Hyde*, No. 25-CV-13224, 2026 WL 221833, at *1 (D. Mass.

Jan. 28, 2026). Because the Court lacks jurisdiction to review the IJ's determination that Petitioner poses a flight risk, the Petition (Dkt. No. 1) is **DISMISSED**.[1]

This case is **CLOSED**.

**IT IS SO ORDERED**.

**SIGNED** on July _____, 2026.

ORLANDO L. GARCIA
United States District Judge

---

[1]Petitioner also appears to challenge on due process grounds the burden of proof imposed upon him at the bond hearing. *See, e.g.*, Dkt. No. 1 at 31. Any such challenge is unmeritorious. As the Court has repeatedly held, "requiring Petitioner to bear the burden of proof at his bond hearing does not offend his right to due process." *See Rahimi v. Thompson*, No. 25-CV-1338, Dkt. No. 23 at 5–6 (W.D. Tex. Apr. 7, 2026).